Federal Defenders
OF NEW YORK, INC.

Eastern District
One Pierrepont Plaza, 16th Fl., Brooklyn, NY
11201 Tel: (718) 330-1200 Fax: (718) 855-0760

Tamara L. Giwa
*Executive Director and*
*Attorney-in-Chief*

Michelle A. Gelernt
*Attorney-in-Charge*

November 12, 2026

Via ECF

The Honorable Hector Gonzalez
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *United States v. Mansuri Manuchekhri*, No. 25 Cr. 88 (HG)

Your Honor:

We write pursuant to the Court's direction at the charge conference held on November 10, 2026, to propose specific language for four requested modifications to the Court's draft jury instructions and provide additional legal support for certain of those requests.

## I. Clarification of intent and knowledge requirements (Instructions 28, 29, 30)

Mr. Manuchekhri respectfully requests the following modifications:

Instruction 28, Page 36 (defining "Intentionally"):

- After the second sentence of the first paragraph, add: "Intent is a higher standard than knowledge, and requires that the defendant acted specifically to achieve a particular outcome—not just that he knew that outcome was possible or even likely."
- Insert the phrase "but need not" in the third sentence, to read "You may**, but need not,** infer that a person ordinarily intends all natural and probable consequences of an act knowingly done."

Federal Defenders
OF NEW YORK, INC.

Eastern District
One Pierrepont Plaza, 16th Fl., Brooklyn, NY
11201 Tel: (718) 330-1200 Fax: (718) 855-0760

Tamara L. Giwa
*Executive Director and Attorney-in-Chief*

Michelle A. Gelernt
*Attorney-in-Charge*

Instruction 29, Page 37 ("Conscious Avoidance"):

- After the existing paragraph, add a new paragraph: "Conscious avoidance is not a basis to find that the defendant acted intentionally, however. For an offense requiring intentional conduct, you must separately determine the defendant's intent regardless of whether you believe he consciously avoided anything."
- Add to the end of the existing paragraph: "Nor may you find guilty knowledge if you believe the defendant actually believed something different, no matter how obvious that fact may have been."[1]

**Argument**: In order for a defendant to be guilty of a conspiracy, the government must establish their specific intent to commit the crime alleged to be the object of that conspiracy—regardless of the mens rea required for that underlying substantive offense. *See United States v. Huezo*, 546 F.3d 174, 180 (2d Cir. 2008); *United States v. Durham*, 825 F.2d 716, 718 (2d Cir. 1987) (finding instructional error where trial court did not instruct jury that it needed to find specific intent to commit substantive arson offense, even with general instruction that conspiracy requires specific intent). That distinction matters in this case, particularly with respect to Count One. As the Supreme Court made clear in *Holder v. Humanitarian Law Project*, the substantive material support statute allows for conviction based on knowledge alone, not specific intent. 561 U.S. 1, 16–17 (2010). But because the government has not charged Mr. Manuchekhri with material support, and has instead elected only to charge the conspiracy, it must show his specific intent to provide material support to ISIS.

The potential for jury confusion as to the mens rea required for Count One is acute for two reasons. First, the instructions, even with respect to Count One,

[1] As the Second Circuit clarified in *United States v. Feroz*, a court giving a conscious avoidance instruction "should instruct the jury that knowledge of the existence of a particular fact is established (1) if a person is aware of a high probability of its existence, (2) unless he actually believes it does not exist." 848 F.2d 359, 360 (2d Cir. 1988).

Federal Defenders
OF NEW YORK, INC.

Eastern District
One Pierrepont Plaza, 16th Fl., Brooklyn, NY
11201 Tel: (718) 330-1200 Fax: (718) 855-0760

Tamara L. Giwa
*Executive Director and Attorney-in-Chief*

Michelle A. Gelernt
*Attorney-in-Charge*

reference and discuss both knowledge and intent. And second, the instructions include a conscious avoidance instruction. But "[c]onscious avoidance may not be used to support a finding as to . . . intent to participate in a conspiracy," as the Second Circuit has long been clear. *United States v. Ferrarini*, 219 F.3d 145, 155 (2d Cir. 2000). Additional language will thus ensure that the jury does not rely on conscious avoidance alone to find the specific intent needed to convict on either conspiracy count.

## II. <u>Clarification of "personnel" theory of material support (Instruction 30, first element of underlying offense)</u>

Mr. Manuchekhri respectfully requests the following modification:

<u>Instruction 30, Page 43 ("First Element of Underlying Offense: Material Support or Resources"):</u>

- Add new paragraph: "The government has accused Mr. Manuchekhri of conspiring to provide two forms of material support to ISIS: property and personnel. It is up to you to decide whether the government has proven one of those theories. The personnel theory, however, has one additional requirement that the property theory does not. I instruct you that, to find Mr. Manuchekhri conspired to provide material support in the form of personnel, you must find that his intent was to be restricted, constrained, or controlled by ISIS in some way. In other words, you may not find that he conspired to provide material support in the form of personnel simply because he may have consumed ISIS propaganda and decided to act in furtherance of ISIS's goals. On the other hand, you need not decide whether he had an intent to be controlled by ISIS when determining whether he provided material support in the form of property."

**Argument**: The material support statute contains an express exemption for "[i]ndividuals who act entirely independently of the foreign terrorist organization to advance its goals or objectives," who "shall not be considered to be working under the foreign terrorist organization's direction and control." 18 U.S.C. § 2339B(h). That

Federal Defenders
OF NEW YORK, INC.

Eastern District
One Pierrepont Plaza, 16th Fl., Brooklyn, NY
11201 Tel: (718) 330-1200 Fax: (718) 855-0760

Tamara L. Giwa
*Executive Director and Attorney-in-Chief*

Michelle A. Gelernt
*Attorney-in-Charge*

exemption applies to both the personnel and services theories of material support. *Holder*, 561 U.S. at 24.

In *United States v. Ullah*, the Second Circuit interpreted that exemption as construed by the Supreme Court, reasoning that "[b]eing inspired by ISIS propaganda and claiming to further ISIS's cause through [one's] acts do not, by themselves, establish that [one] acted as ISIS personnel . . . ." 173 F.4th 399, 415 (2d Cir. 2026).[2] So the Second Circuit reversed a conviction for material support for a man who watched large amounts of ISIS propaganda on various social media platforms, set off a pipe bomb in Times Square "because ISIS had called on its supporters to conduct attacks against the United States," "transcribed ISIS slogans onto the box in which he stored his bomb-making materials," "posted a video in which he dutifully repeated an ISIS rallying cry," and after his arrest "told investigators that he did it on behalf of the Islamic States." *Id.* at 439 (Menashi, J., dissenting). The panel majority found that evidence legally insufficient: a conviction under either the personnel or services theory "cannot" stand "if ISIS does not know [the defendant] exists, has no expectation that he will hear ISIS's messages or act on them, and will not know, care, or have any recourse if he ignores the message completely." *Id.* at 415. The statute "is not satisfied simply because one acts after hearing a direction from a terrorist organization." *Id.* at 416. Rather, in order to work under the direction and control of a terrorist organization, a defendant must "suffer[] restriction, constraint, or control by" that organization; the "total absence of constraint is inconsistent with the plain meaning, and the dictionary meaning, or acting under someone else's direction or control." *Id.*

## III. <u>Clarification of shared intent and knowledge required for firearms conspiracy (Instruction 31)</u>

Mr. Manuchekhri respectfully requests the following modification:

---

[2] Unless otherwise indicated, citations in this memorandum omit all internal quotation marks, internal citations, and original modifications.

Federal Defenders
OF NEW YORK, INC.

Eastern District
One Pierrepont Plaza, 16th Fl., Brooklyn, NY
11201 Tel: (718) 330-1200 Fax: (718) 855-0760

Tamara L. Giwa
*Executive Director and*
*Attorney-in-Chief*

Michelle A. Gelernt
*Attorney-in-Charge*

Instruction 31, Page 48 ("First Element: Existence of a Conspiracy"):

- Add the following after the second sentence: "In order for two or more people to have shared a criminal intent as to this count, you must find that both the defendant and at least one other person knew that the defendant lacked lawful immigration status at the time they agreed for the defendant to possess a firearm."

## IV. Clarification that jury should consider other immigration benefits in assessing knowledge of status (Instruction 32)

Mr. Manuchekhri respectfully requests the following modification:

Instruction 32, Page 54 ("Third Element: Knowledge of Unlawful Status")

- Add the following at the end of the first paragraph: "In determining whether the defendant knew that he was unlawfully or illegally present in the United States, you may consider any immigration benefits he received that were consistent with lawful status."

**Argument**: The Court's instruction as to the second element of the offense correctly indicates that "[t]he granting of a work permit does not convey lawful status to its recipient." But whether a work authorization actually conveys any status is a separate question from what a person in Mr. Manuchekhri's position might have understood from receiving it. The Second Circuit's decision in *United States v. Balde*, 943 F.3d 73 (2d Cir. 2019), is instructive. There, a defendant pled guilty to possessing a firearm while lacking lawful immigration status, then asked the Second Circuit to vacate his guilty plea for lack of a factual predicate after the Supreme Court's decision in *Rehaif v. United States*, 588 U.S. 225 (2019). As relevant here, Balde raised two arguments: (1) that his release from immigration detention into the Intensive Supervision Appearance Program (ISAP) was the functional equivalent of parole, thereby granting him lawful status; and (2) at a minimum, his admission to ISAP and release from custody undermined his knowledge that he lacked status. The Circuit easily rejected the first argument, finding that ISAP conveyed no lawful status: "[a] noncitizen who

Federal Defenders
OF NEW YORK, INC.

Eastern District
One Pierrepont Plaza, 16th Fl., Brooklyn, NY
11201 Tel: (718) 330-1200 Fax: (718) 855-0760

Tamara L. Giwa
*Executive Director and*
*Attorney-in-Chief*

Michelle A. Gelernt
*Attorney-in-Charge*

has been found inadmissible and ordered removed is not lawfully in the United States, whether he remains in detention or has been granted conditional liberty under supervision while awaiting execution of the order of removal." *Balde*, 943 F.3d at 86. But it nonetheless vacated Balde's plea because a rational jury could agree that Balde believed he had been granted parole by virtue of his admission to ISAP and release from detention. *Id.* at 97–98.

Mr. Manuchekhri presents an even stronger case for lack of knowledge than in *Balde*. There, the defendant had gone through deportation proceedings and received a final order of removal. *Id.* at 79. Mr. Manuchekhri never received such an order, nor were his applications for status formally denied until well after he visited the shooting range. Of course, "the government would be free to argue at trial that . . . he must have known that he had no legal right to be in the United States," *id.* at 97, but that is a determination for the jury to make.

## V. Additional instructions to be discussed after close of defense case

At the charge conference, the defense requested the opportunity to address four additional instructions following the close of its case. Specifically, Mr. Manuchekhri respectfully reserves the right to request the following relief:

1. Modifications to Instruction 16 ("Uncalled Witnesses") pending resolution of the defense's efforts to secure testimony from civilian witnesses the government has opted not to call.
2. Inclusion of an instruction about a testifying defendant, or modification of Instruction 15 ("Deciding What to Believe"), in the event Mr. Manuchekhri chooses to testify.
3. Inclusion of an instruction on the theory of defense, as noted in Request No. 16 of Mr. Manuchekhri's proposed charge.
4. Inclusion of an instruction on the existence of a conspiracy and multiple conspiracies, as noted in Request No. 11 of Mr. Manuchekhri's proposed charge.

Federal Defenders
OF NEW YORK, INC.

Eastern District
One Pierrepont Plaza, 16th Fl., Brooklyn, NY
11201 Tel: (718) 330-1200 Fax: (718) 855-0760

Tamara L. Giwa
*Executive Director and*
*Attorney-in-Chief*

Michelle A. Gelernt
*Attorney-in-Charge*

* * *

Respectfully submitted,

/s ____________________
Allegra Glashausser
Jullian Harris-Calvin
Ashok Chandran

Assistant Federal Defenders
Federal Defenders of New York
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201